| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street, #256<br>Denver, CO 80202 | DATE FILED: November 23, 2016 8:08 AM<br>FILING ID: BEC651D5C6A52<br>CASE NUMBER: 2016CV33452<br>☐ COURT USE ONLY ☐<br><br>_____<br><br>Case Number: |
| **Plaintiff:**<br><br>SUSSEX INSURANCE COMPANY f/k/a Companion Insurance Company, successor by merger to Companion Specialty Insurance Company<br><br>                Plaintiff,<br><br>v.<br><br>**Defendant:**<br><br>Navigator's Specialty Insurance Company | |
| **Attorneys for Plaintiff:**<br><br>Jeffrey Clay Ruebel<br>Ruebel & Quillen<br>8501 Turnpike Drive, Ste 106<br>Westminster, Colorado 80031<br>Phone: (888) 989-1777<br>FAX:  (303) 362-5724<br>Jeffrey@rq-law.com | |
| **AMENDED COMPLAINT AND JURY DEMAND** ||

Plaintiff SUSSEX INSURANCE COMPANY f/k/a Companion Insurance Company, successor by merger to Companion Specialty Insurance Company, as its Complaint against the Defendant Navigator's Specialty Insurance Company, states and alleges as follows:

1. Plaintiff and Defendant are both insurance companies duly authorized to do business in the State of Colorado.

2. Defendant issued a general liability policy of insurance to Hansen Construction, Inc. The limits of insurance for that policy was One Million Dollars.

3. Plaintiff's predecessor in interest issued an 'excess' policy of insurance to Hansen Construction, Inc.

EXHIBIT A



4.  Plaintiff and Defendant both do business in the City and County of Denver, State of Colorado and can be found in the City and County of Denver.

5.  The amount in controversy exceeds $100,000.

6.  Venue and jurisdiction are proper with this District Court.

## GENERAL ALLEGATIONS

7.  Plaintiff incorporates herein by reference its allegations in Paragraphs 1-6 as if set forth fully herein.

8.  Hansen Construction, Inc. performed work on a residence in the County of Pitkin, State of Colorado owned by Paul B. and Sandra M. Edgerley.

9.  During renovation work in 2006 a partial fire sprinkler system was installed in the structure. The remainder of the dwelling had a fire sprinkler installed in 2011 during Hansen's remodel.

10. On March 18, 2012, the fire sprinkler system at the residence activated causing considerable water damage to the premises. First responders determined that a fire sprinkler head located within the mechanical chase located in the second-floor office had activated.

11. The residence on which Hansen Construction, Inc. and its subcontractors performed work suffered damages as a result of water damage.

12. Pursuant to a policy of insurance it had issued on the project, Vigilant Insurance Company indemnified the Edgerleys for the damage to the improvements.

13. Vigilant subsequently demanded arbitration of Hansen Construction, Inc.

14. Defendant accepted the tender of defense from Hansen Construction, retained counsel and defended Hansen Construction in the arbitration.

15. Counsel for Hansen also asserted claims against three of Hansen's subcontractors in the arbitration.

16. Prior to the arbitration, Vigilant and Hansen participated in a mediation.

17. Before and during the mediation, Vigilant demanded one million dollars in settlement, the policy limits of the Defendant's policy.

18. Defendant, on behalf of Hansen Construction, refused to settle within the amount of its policy limits with Hansen Construction.

19. On other occasions prior to the arbitration, Defendant, on behalf of its insured Hansen Construction Inc. received other demands in settlement for less than its policy limits.

20. Plaintiff informed Defendant that Defendant should settle the matter on behalf of the mutual insured within the limits of Defendant's policy, so as to not put the Plaintiff's excess policy at risk.

21. Upon information and belief, Hansen Construction, Inc. also demanded that Defendant settle the matter within the policy limits of Defendant's general liability policy with Hansen Construction.

22. Defendant refused to settle within the limits of its policy. Instead, it authorized retained counsel to contest the claims of Vigilant for damages it sought, which damages exceeded the policy limit of the Navigator policy.

23. An arbitration was held at the Judicial Arbiter Group.

24. A demand was made upon the Defendant, urging defendant to settle the case within policy limits.

25. William C. Meyer entered an arbitration award in favor of Vigilant and against Hansen Construction, Inc. in the amount of $1,111,060.000, plus interest of $167,849.00.

26. The Arbitrator also entered an award of $319,727.00 for attorney fees and $81,373.63 for costs. In addition, interest accumulated on the award (collectively "the Award").

27. Defendant Navigator's refused to pay the full amount of the Award.

28. As a result, Hansen Construction, Inc. demanded that both Plaintiff and/or Defendant satisfy the Award.

29. Hansen notified Plaintiff of the Award and of Defendant's actions and refusal to fully satisfy the award. Hansen agreed to assign any and all causes of action it might have against the Defendant as consideration for Plaintiff satisfying the award without seeking a determination of its rights, duties and obligations.

30. Plaintiff agreed to pay the difference between the Award and the amount of the Award that Defendant agreed to pay, in exchange for an assignment of any and all claims Hansen Construction, Inc. had against Defendant.

FIRST CLAIM FOR RELIEF

31. Plaintiff incorporates herein by reference its allegations set forth in Paragraphs 1-30 as if set forth fully herein.

32. Implied in the contract between the Defendant and Hansen is a covenant to of good faith and fair dealing and duties associated with that covenant, including settling the claims within its policy limits.

33. Plaintiff is the assignee of the contract and is entitled to all benefits, terms and benefits of the insurance contract between Defendant and Hansen, including express and implied covenants.

34. Plaintiff is a third-party beneficiary of the covenants and policy terms of the insurance contract between Defendant and Hansen.

35. Defendant breached the insurance contract and violated covenants implied therein by failing to settle the claims against Hansen within the limits of the insurance policy.

36. Plaintiff has been injured as a result of the Defendant's breach as alleged. herein.

## SECOND CLAIM FOR RELIEF

37. Plaintiff incorporates herein by reference its allegations set forth in Paragraphs 1-35 as if set forth fully herein.

38. Defendant had a duty to settle the claims against Hansen if, as was the case, settlement within its policy limits was possible and offered.

39. Defendant received a demand to settle the claims against Hansen for an amount within its policy limits.

40. Defendant declined and refused to settle the claims against Hansen for an amount within its policy limits.

41. Defendant did not communicate or justify its decision to the Plaintiff or offer it an opportunity to participate in the settlement negotiations.

42. As a result of the Defendant's breach of the duty to settle and other duties that are implied in the insurance contract between it and Hansen, an arbitration was held in the matter of the claims of Vigilant Insurance Company against Hansen Construction.

43. An arbitration award was entered against Hansen for more than the policy limits of the insurance contract between Hansen and the Defendant.

44. Plaintiff, as assignee and excess insurer of Hansen, satisfied the judgment entered against Hansen.

45. Plaintiff has been damaged as a result of the breach of duties owed by the Defendant to it and to Hansen.

WHEREFORE, PLAINTIFF SUSSEX INSURANCE COMPANY requests this Court enter Judgment in its favor and against the Defendant in an amount to be proven at trial; for pre-judgment and post-judgment interest; and that it award Plaintiff its costs, attorney's fees and such other relief as this Court may deem proper and appropriate.

**DATED** this 16th day of November, 2016.

> Respectfully submitted,
> RUEBEL & QUILLEN, LLC
>
> *s/  Jeffrey Clay Ruebel*
> Jeffrey C. Ruebel, Atty. No. 13445

- 5 -